Our final case for argument today is 24-1919, Lownsdale v. Hunter. Mr. Lownsdale, please proceed. Am I saying your name right? You are pretty good. It's Lownsdale, yes, Judge. Oh, Lownsdale. No, I wasn't saying your name. It was close enough for me. Okay, Mr. Lownsdale, please proceed. Thanks, Judge. Let me get on your good side. I like what you said about baseball because the game is played like it was about bases. It wasn't about hitting balls over the fence. I don't know how they kept score, but I know the score was kept based upon the number of bases you had and not how many times you crossed the plate. And I want to get in the court's wheelhouse then and talk about Williams v. Peek. That's what I need to talk about today. The Veterans Court... I just want to know, what is the sole issue on appeal? Let's start there. I like baseball too, but I just want to start by identifying what the sole issue is on appeal here. The issue on appeal is, can a continuance be a disallowance? I don't understand. Do you all understand? In 2010, the RO continued the claim for increase twice. And those were continuances by the plain language of the order. Continued at the lower rate and denied an increase rating. Nothing was denied. It just strictly continued. Are we misunderstanding the legal effect of when they say we're continuing it at 10%? That means your request for more than 10% was denied because they're continuing it at the lower amount. Isn't that a fair reading of what they're doing? Not quite. That's their point. You've asked for this to be increased, and we're not increasing it. We're continuing it. They didn't disallow it. No, they didn't disallow the claim because you already have established entitlement to a certain percentage. They are not increasing it, which means they are disallowing the increase portion. Isn't that correct? They're not disallowing anything, Judge. The notice to the parties is that... Let me put it as plainly as I can. If you have a 10% rating, and you come in and say, I think I'm entitled to a 50% rating, and their decision comes back and says, no, we're going to continue at 10%, doesn't that at least implicitly deny the increase to 50%? No, Your Honor. I have kids. I have four of them, and they come up frequently in oral argument. If my child said, can I have two cookies, and I said, no, you can have one cookie, I believe I have spoken clearly. Have I not spoken clearly? You've spoken clearly, Judge. If I tell him, you can have one cookie, when he asks for two cookies, that is a denial of the second cookie. It would be to him, I'm sure. And so the problem here is, you said, can I have more than 10%, and they said, you can have 10%. And they give you reasons why you can't have more, right? These decisions do say that the increase isn't warranted. They do indicate that there was evidence, and that the evidence did not reach the threshold to get to the next level. That's the rationale, but Judge, they're continuing it because of that. They're not disallowing it. One of the most difficult things, though, is that I don't even think we have jurisdiction to look at this question. I mean, I think we're engaging you on the merits of what a prior decision did or did not hold, but I think that's a fact question that was already resolved, and that we don't actually even have a right to delve into it. I mean, we're challenging you on whether they even got it wrong, but I'm not positive. How do we have jurisdiction to review that? It's interpretation of law, Judge. That's what I was talking about. It seems to be an interpretation of what they meant when they said continued in a particular decision. That doesn't feel legal in nature. Well, the problem is that the Veterans Court is looking at that and saying it's an adjudication, and under the law and under this Court's ruling in Williams v. Peek, there has to be a disallowance before there's an adjudication. Isn't whether there was a disallowance at most... I mean, it sounds to me like whether there's a disallowance is a factual question, isn't it? Whether there's a disallowance? Yeah. It's the essential element to finding an adjudication. No, I understand that, but is whether there's a disallowance a factual question? It is. We don't have jurisdiction to review any of that. But the problem is, Judge, that this was completely... Even if they got it wrong, right? They don't even get it wrong. They just completely ignore the controlling rule of law and jump to the conclusion that an adjudication occurred. What is the legal error that you're contending happened here? That an adjudication was determined by the Veterans Court without the essential element of a disallowance. No disallowance was found, and they even adopted what the Board did. I had some of these... The Board was even told on remand to look for a disallowance, come back and show us where this claim has been disallowed, or finally denied, they said. And the Board still didn't come back with a disallowance. And they still didn't come back with a denial. They just came back and said this claim has been adjudicated without making the essential determination that they need to make under 3.160 subparagraph D, and which this court said they need to make in Williams v. Payne. Can I just ask you this? I mean, even if all of that is correct, that there's a specific rule that they should have applied and they didn't, we don't have jurisdiction to decide that, do we? That's a question at best of application of a rule to the specific facts of this case. It's interpretation of 3.160... No, tell me what's the interpretation. I agree with your interpretation that they have to determine whether there was a disallowance or not. And so, even assuming that's correct, the question is, did they properly apply that interpretation to the facts of this case? The answer is no. Great. That's your argument. The problem is we don't have jurisdiction over those arguments, because that is application of a rule of law to the particular facts of the case. They're interpreting the word adjudication as not requiring the rule of law. They're finding an adjudication with no... Where do you say... Ignoring the rule of law entirely. I don't understand that. Where do you see an interpretation that says the board doesn't have to determine whether there was a final adjudication? That's precisely what they do. And they treat... No, no, no, no, no. Where do you say that that's what they say the rule of law is? It doesn't matter to us whether it's adjudication or not, we're going to find this claim final. If they said that, that that's what this law is, then they would be wrong. But they didn't say that. They said the right rule of law, you just think they applied it improperly here. Is that right? Partially. They didn't say what the right rule of law... They didn't get to that point. They went to Williams v. Peek. Instead of going to the regulation, seeing the definition of adjudication that requires it to... It's a very, very simple, short regulation that says, you've got to have a disallowance here. Instead of doing that, they went to Williams v. Peek and said, well, this court has held that we can make this ruling without a disallowance. A continuance constitutes a disallowance. Okay, Mr. Alonzo, I think we have your argument. Is there anything different, or should we hear from the government to see what they have to say? Go ahead. Thank you very much. Okay, let's hear from the government. Good morning, Your Honors, and may it please the court. This court raised the issue of jurisdiction over this case. We would agree that this court lacks jurisdiction because what Mr. Lounsdale raises here is an application of law to fact. Did he raise a due process issue, though? He raised the due process issue in name. He claims that the VA adjudicators and the Veterans Court were biased against him. But in reality, what he is challenging is the application of law to facts and the factual findings that the VA and the Veterans Court made. He has no specific allegations concerning who or why or how they were biased, other than the fact that they ruled against him. So a due process claim in name only does not give this court jurisdiction. Okay, so just assume we don't agree with you for a sec, and why don't you nonetheless tell us the merits of why, when they said continued at 10%, that was effectively a rejection of a request for a higher amount. It is essentially what you said earlier, Judge Moore, which is a rejection of an increase is inherently, I mean a continuation is inherently a disallowance of an increase. If you look at Williams, this court said a subsequent final adjudication of a claim, which is identical to a pending claim that has not been finally adjudicated, terminates the pending status of the earlier claim. A continuance of a claim is an adjudication of the claim for increase and ultimately a disallowance of the claim for increase. Do you have anything further? Nothing, Your Honor. Thank you. Okay. Mr. Longstale, you have some rebuttals coming? The bias wasn't against me personally. The bias was against the claim. And it happens to be that this court did not in any way liken a continuance to a disallowance. In Williams v. Peek, it required a disallowance in order for an adjudication to occur. Mr. Longstale, I'm just going to say I'm really very sympathetic to the argument that you're making, which I've seen a lot of cases where it seems like a claim gets lost by an overburdened VA and they don't respond to it directly. And we would wish that they would and they don't. But unfortunately, Congress did not decide that I have the authority from a jurisdictional sense to go back and look at that because here you raised the question of did they or did they not expressly address my request for an increase. The Board said they did. The Veterans Court determined they did. And that's a fact question I don't have jurisdiction over. So I am, I want you to know, I'm sympathetic to your argument. There are lots of times when the Board seems to have dropped the ball on claims that are made. But at the end of the day, if they say they addressed it and the Veterans Court says they addressed it, we've always found we don't have jurisdiction to second-guess those fact findings. Your Honor, I just wanted to point out that if you look at the way both the Board and the Veterans Court approaches that issue of this was an adjudication, this was a, they'd never, ever comply with the rules and the laws in doing that. It's just a random declaration of adjudication. And I submit to the Court that that's a legal interpretation that they made that they can do that without following the law. Okay. Thank you, Mr. Lonsdale. I thank both counsel. The case is taken under submission.